Corporate creations
RECEIVED   3:14 pm
JAN 1 7 2020

THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN THE COUNTY OF KING

| | |
|---|---|
| KAREN ROULEAU-MILLER, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>DXC TECHNOLOGY SERVICES, LLC, a foreign limited liability corporation,<br><br>Defendant. | NO.<br><br>**COMPLAINT FOR DAMAGES AND OTHER RELIEF** |

## I.   INTRODUCTION

1.1   Plaintiff Karen Rouleau-Miller ("Rouleau-Miller" or "Plaintiff"), by and through her attorneys of record, HKM Employment Attorneys LLP, hereby requests damages, attorney fees and costs, in addition to other relief for the unlawful, discriminatory and retaliatory acts and omissions of her former employer, DXC Technology Services, LLC ("DXC" or "Defendant").

1.2   Defendant discriminated against Plaintiff because of a biased and unlawful perception that Plaintiff was disabled in violation of the Washington Law Against Discrimination ("WLAD"), RCW 49.60 *et seq.* Defendant's actions culminated in cutting

COMPLAINT FOR DAMAGES
AND OTHER RELIEF – 1

HKM EMPLOYMENT ATTORNEYS LLP
600 Stewart Street, Suite 901
Seattle, Washington 98101
Tel: (206) 838-2504

1 off Plaintiff's technology access, placing her on involuntary leave, ostracization, reducing her earning potential and, ultimately, her termination.

1.3 Defendant unlawfully discriminated or retaliated against Plaintiff when exercising her right to use paid sick leave under Washington's Minimum Wage Act ("MWA), RCW 49.46 *et seq.*

1.4 Defendant wrongfully discharged Plaintiff in violation of well-established public policies after she exercised her right of paid sick leave, had her technology access cut off and was ostracized by her employer, experienced an involuntary leave of absence and, ultimately, was terminated after she complained of unlawful discrimination.

1.5 Defendant unlawfully retaliated against Plaintiff in violation of the WLAD and MWA, RCW 49.60.210 and RCW 49.46.210(4), when Defendant terminated Plaintiff after she exercised her right to use paid sick leave and she complained to the employer about unlawful acts of discrimination.

## II. PARTIES

2.1 Plaintiff Karen Rouleau-Miller is an individual residing in San Juan County, Washington. Rouleau-Miller is a highly experienced woman in technology who has a Master's degree and background of having served in leadership positions with top-rated technology employers for the last 20 years. On or about January 21, 2019, DXC hired Rouleau-Miller as an AWS Offering Sales Director. While Plaintiff chiefly telecommuted from her home, she also had access to a DXC-affiliated office in Bellevue, Washington. Rouleau-Miller worked for DXC until she issued a good faith complaint about unlawful discrimination and was terminated shortly thereafter on December 16, 2019.

2.2 Defendant DXC Technology Services, LLC, is a foreign limited liability company that is duly licensed and registered to do business in the State of Washington, operating under UBI No. 604 154 158. DXC is an employer in Washington and maintains business offices in King County, Washington.

COMPLAINT FOR DAMAGES
AND OTHER RELIEF – 2

HKM EMPLOYMENT ATTORNEYS LLP
600 Stewart Street, Suite 901
Seattle, Washington 98101
Tel: (206) 838-2504

## III. JURISDICTION AND VENUE

3.1     The Court has jurisdiction over this action because the claims in this case arise under Washington law.

3.2     The acts and omissions relating to Rouleau-Miller's employment, as complained herein, occurred in King and San Juan Counties, Washington.

3.3     This action has been filed within the applicable statutory time periods.

3.4     Jurisdiction and venue are properly conferred upon this Court pursuant to RCW 4.12 and the claims alleged under Washington law, as detailed below.

## IV. FACTS

4.1     Rouleau-Miller started working for DXC on or about January 21, 2019, after she accepted a position as an AWS Offering Sales Director. In this position, Rouleau-Miller reported to Balu Ramachandran.

4.2     On or about July 14, 2019, Rouleau-Miller contacted Mr. Ramachandran to inform him that she was not feeling well and needed time off due to illness. She subsequently visited a medical provider who informed her that she had contracted a common, temporary illness.

4.3     On or about July 15, 2019, Plaintiff received an email from Mr. Ramachandran, wherein he instructed to apply for a leave of absence or related insurance coverage. Rouleau-Miller found this message to be confusing and odd. Mr. Ramachandran did not seek clarification of Rouleau-Miller's illness or prognosis, nor did he ask about her well-being.

4.4     On or about July 16, 2019, Rouleau-Miller received a COBRA notification from DXC. She also found this notification to be confusing, as she generally understood that COBRA coverage was something that triggered after an employment separation occurs.

COMPLAINT FOR DAMAGES
AND OTHER RELIEF – 3

HKM EMPLOYMENT ATTORNEYS LLP
600 Stewart Street, Suite 901
Seattle, Washington 98101
Tel: (206) 838-2504

4.5 On or about July 16, 2019, Rouleau-Miller discovered that her laptop computer no longer had network access to DXC. Although she was later able to identify the cause of this technology access issue, Rouleau-Miller was initially unaware if it was a systems problem, if her laptop had malfunctioned or if there was another reason for her inability to access her work information. Her inability to access DXC's systems was a major impediment because technological access is necessary to do her job. Rouleau-Miller then spent hours trying to investigate and resolve her systems access problem.

4.6 On or about July 22, 2019, Plaintiff contacted her HR Business Partner to discuss her technology access problem and concern about receiving a COBRA notification. The HR representative explained that Mr. Ramachandran terminated Rouleau-Miller's employment, but that the termination decision had been rescinded by DXC. Plaintiff responded by protesting the accuracy of this information, as Mr. Ramachandran did not suggest she was at risk for termination, he had not put her on a performance improvement plan and he never said anything about being terminated.

4.7 On or about July 22, 2019, and the weeks that followed, Plaintiff continued to investigate and troubleshoot her technology access problems. Rouleau-Miller contacted her HR representative about her technology access problems and to inquire whether her laptop credentials has been restored on DXC's system. Plaintiff experienced these technology access problems to be disheartening and a source of significant frustration, as she was unable to work to her potential or communicate effectively with her colleagues. This lack of technology access caused Plaintiff to be ostracized and miss out on professional development opportunities.

4.8 On or about August 22, 2019, Plaintiff received a call from DXC that informed Plaintiff she was listed in DXC's HRIS as being on short term disability. Rouleau-Miller found this information to be confusing and frustrating, as she did not regard herself as being in need or even eligible for short term disability. Rouleau-Miller contacted

COMPLAINT FOR DAMAGES
AND OTHER RELIEF – 4

HKM EMPLOYMENT ATTORNEYS LLP
600 Stewart Street, Suite 901
Seattle, Washington 98101
Tel: (206) 838-2504

her HR representative to inform DXC that she had no interest in short term disability coverage and that she was still dealing with problems related to her technology access.

4.9   On or about August 23, 2019, the HR representative emailed Plaintiff to state that Mr. Ramachandran was problem-solving the issue of systems access. On or about September 3, 2019, Rouleau-Miller emailed the HR representative to inform her that the technology access problem persisted. Then, on or about September 11, 2019, Rouleau-Miller emailed the HR representative to express her frustration and realization that DXC had seemingly erased her from the system after Mr. Ramachandran apparently terminated her employment and failed to inform Rouleau-Miller of the same. The continued and unresolved systems access problems caused Plaintiff to be ostracized, angry and to suffer a negative impact to her ability to grow and progress as a technology professional.

4.10   On or about September 11, 2019, the HR representative emailed Plaintiff to report on Plaintiff's status in relation to DXC's insurance provider. The HR representative requested that Plaintiff submit a request for disability leave. Again, Rouleau-Miller was frustrated and confused by this request, as she did not view herself as needing disability leave.

4.11   On or about September 20, 2019, Rouleau-Miller contacted DXC, through her counsel, to inform the company about her concerns of unlawful discrimination and retaliation. Because DXC had purportedly rescinded the earlier termination by Mr. Ramachandran, Rouleau-Miller also requested access to her personnel records. DXC failed to timely respond to Plaintiff's stated concerns or her request to access her employment file.

4.12   Plaintiff continued her attempts to resolve the technology access problems and to resume her work duties in earnest. On or about October 28, 2019, Rouleau-Miller visited DXC-affiliated offices in Bellevue, Washington, to troubleshoot her network connection issues. While in this office, Plaintiff was able to connect her laptop and

COMPLAINT FOR DAMAGES
AND OTHER RELIEF – 5

HKM EMPLOYMENT ATTORNEYS LLP
600 Stewart Street, Suite 901
Seattle, Washington 98101
Tel: (206) 838-2504

communicate with DXC's IT department. After much frustration and many fruitless hours working on this problem, Rouleau-Miller was finally able to restore her connection to DXC's network. Despite this restored access, Mr. Ramachandran did not reintegrate Rouleau-Miller, resolve her ostracization or provide her with new work assignments.

4.13 On December 16, 2019, less than three (3) months after stating her good faith complaint about unlawful discrimination, Mr. Ramachandran summarily terminated Rouleau-Miller.

4.14 As a direct and consequential result of Defendant's termination decision based on a perception of Plaintiff being disabled, Rouleau-Miller sustained damages in the form of lost earnings and benefits, lost advancement and professional development opportunities, emotional distress and legal expenses.

4.15 As a direct and consequential result of Defendant's discrimination, retaliation and/or termination decision predicated upon Plaintiff's use of paid sick leave, Rouleau-Miller sustained damages in the form of lost earnings and benefits, lost advancement and professional development opportunities, emotional distress and legal expenses.

4.16 As a direct and consequential result of Defendant's wrongful discharge in violation of public policy, Rouleau-Miller sustained damages in the form of lost earnings and benefits, lost advancement and professional development opportunities, emotional distress and legal expenses.

4.17 As a direct and consequential result of Defendant's retaliatory discharge after Plaintiff stated a good faith complaint of discrimination, Rouleau-Miller sustained damages in the form of lost earnings and benefits, lost advancement and professional development opportunities, emotional distress and legal expenses.

COMPLAINT FOR DAMAGES
AND OTHER RELIEF – 6

HKM EMPLOYMENT ATTORNEYS LLP
600 Stewart Street, Suite 901
Seattle, Washington 98101
Tel: (206) 838-2504

## V. CAUSES OF ACTION

**A. FIRST CAUSE OF ACTION – Unlawful Discrimination Based on Perceived Disability, RCW 49.60.180(2).**

5.1 Plaintiff realleges paragraphs 1.1 through 4.17 of the Complaint and hereby incorporates the same by reference.

5.2 DXC and Mr. Ramachandran perceived Rouleau-Miller to be disabled when they repeatedly suggested that she seek short term disability or other insurance coverage. Rouleau-Miller is protected from unlawful discrimination on the basis of disability, regardless of whether she is actually disabled. Under the WLAD, a disability is defined as the perception of a disabling condition, regardless of whether or not it exists in fact. RCW 49.60.040(7)(iii).

5.3 Defendant discriminated against Rouleau-Miller in violation of RCW 49.60.180 by terminating her employment because of perceived disability and/or her use of sick leave for a perceived disabling condition.

5.4 The discriminatory acts committed by Defendant caused Rouleau-Miller to suffer economic and non-economic damages, including but not limited to damages for past and future wage and benefits loss, lost economic and professional development opportunities, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other nonpecuniary losses, as well as attorney fees and costs.

5.5 As a result of Defendant's discriminatory acts, Rouleau-Miller suffered damages in an amount to be proven at the time of trial.

**B. SECOND CAUSE OF ACTION – Unlawful Retaliation in Violation of Paid Sick Leave Law, RCW 49.26.210.**

5.6 Plaintiff realleges paragraphs 1.1 through 5.5 of the Complaint and hereby incorporates the same by reference.

5.7 On or about July 11, 2019, Plaintiff reported sick to her supervisor and missed work for several days. Rouleau-Miller received medical care and learned that her

COMPLAINT FOR DAMAGES
AND OTHER RELIEF – 7

HKM EMPLOYMENT ATTORNEYS LLP
600 Stewart Street, Suite 901
Seattle, Washington 98101
Tel: (206) 838-2504

1 sickness was due to a common and temporary illness. Her supervisor, Mr. Ramachandran, did not seek clarification of Rouleau-Miller's use of sick leave or inquire about her well-being.

5.8   DXC is an employer in Washington and obligated to provide Rouleau-Miller a minimum of statutory paid sick leave.

5.9   Following Rouleau-Miller's use of paid sick leave, and upon information and belief, Mr. Ramachandran immediately and without warning terminated Plaintiff's employment and cut off her access to DXC systems. Mr. Ramachandran also instructed Plaintiff to utilize disability or other insurance coverage.

5.10   Defendant's action to terminate Plaintiff's employment in response to her use of sick leave constitutes unlawful retaliation under the MWA, RCW 49.46.210(4).

5.11   The retaliatory acts committed by Defendant caused Rouleau-Miller to suffer economic and non-economic damages, including but not limited to damages for past and future wage and benefits loss, lost economic and professional development opportunities, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other nonpecuniary losses, as well as attorney fees and costs.

5.12   As a result of Defendant's retaliatory acts, Rouleau-Miller suffered damages in an amount to be proven at the time of trial.

C.   **THIRD CAUSE OF ACTION – Wrongful Discharge in Violation of Public Policy**

5.13   Plaintiff realleges paragraphs 1.1 through 5.12 of the Complaint and hereby incorporates the same by reference.

5.14   On or about July 11, 2019, Plaintiff called in sick and asserted her rights to utilize paid sick leave benefits.

5.15   On or about September 20, 2019, Plaintiff complained to the employer, through her attorney, and asserted a good faith complaint about unlawful discrimination.

COMPLAINT FOR DAMAGES
AND OTHER RELIEF – 8

HKM EMPLOYMENT ATTORNEYS LLP
600 Stewart Street, Suite 901
Seattle, Washington 98101
Tel: (206) 838-2504

1  Upon information and belief, DXC did not conduct an investigation into her discrimination
2  complaint. DXC did not contact its employee to interview her about her complaints of
3  discrimination.

     5.16    Several months after Rouleau-Miller informed DXC about her concerns of unlawful discrimination, Defendant suddenly terminated her employment on or about December 16, 2019. Defendant wrongfully terminated Plaintiff and violated the well-established public polices of Washington that are intended to protect workers with illness, who may have disabilities, or those who oppose unlawful acts of discrimination.

     5.17    The wrongful discharge committed by Defendant caused Rouleau-Miller to suffer economic and non-economic damages, including but not limited to damages for past and future wage and benefits loss, lost economic and professional development opportunities, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other nonpecuniary losses, as well as attorney fees and costs.

     5.18    As a result of being wrongfully terminated by Defendant, Rouleau-Miller suffered damages in an amount to be proven at the time of trial.

**D.    FOUTH CAUSE OF ACTION – Retaliation in Violation of Washington's Law Against Discrimination, RCW 49.60.210.**

     5.19    Plaintiff realleges paragraphs 1.1 through 5.18 of the Complaint and hereby incorporates the same by reference.

     5.20    As alleged above, Plaintiff asserted a good faith complaint of discrimination. Plaintiff referenced specifically the WLAD, which triggered protections against acts of unlawful retaliation.

     5.21    On or about December 16, 2019, less than three (3) months after stating her concerns about unlawful discrimination, Defendant suddenly terminated her employment. Defendant unlawfully retaliated against Rouleau-Miller in violation of RCW 49.60.210 by

COMPLAINT FOR DAMAGES
AND OTHER RELIEF – 9

HKM EMPLOYMENT ATTORNEYS LLP
600 Stewart Street, Suite 901
Seattle, Washington 98101
Tel: (206) 838-2504

terminating her employment based, at least in part, for asserting concerns of unlawful discrimination.

5.22 The retaliatory acts committed by Defendant caused Rouleau-Miller to suffer economic and non-economic damages, including but not limited to damages for past and future wage and benefits loss, lost economic and professional development opportunities, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other nonpecuniary losses, as well as attorney fees and costs.

5.23 As a result of Defendant's unlawful retaliation, Rouleau-Miller suffered damages in an amount to be proven at the time of trial.

## VI. PRAYER FOR RELIEF

**WHEREFORE** Plaintiff prays for relief as follows:

A. Damages for back pay and benefits lost and for future pay and benefits lost;

B. Damages for loss of enjoyment of life, pain and suffering, mental anguish, emotional distress, ostracization and humiliation;

C. Pre- and post-judgment interest in an amount to be proven after trial;

D. Compensation as tax relief associated with any recovery on claims herein;

E. Reasonable attorney fees and costs;

F. Injunctive relief; and

G. Whatever further and additional relief this Court shall deem just and equitable.

///

///

COMPLAINT FOR DAMAGES
AND OTHER RELIEF – 10

HKM EMPLOYMENT ATTORNEYS LLP
600 Stewart Street, Suite 901
Seattle, Washington 98101
Tel: (206) 838-2504

1  DATED this 17th day of January, 2020.

2  HKM EMPLOYMENT ATTORNEYS LLP

*[signature]*

Erin S. Norgaard, WSBA No. 32789
Brian L. Dolman, WSBA No. 32365
600 Stewart Street, Suite 901
Seattle, WA 98101
*Attorneys for Plaintiff*

COMPLAINT FOR DAMAGES
AND OTHER RELIEF – 11

HKM EMPLOYMENT ATTORNEYS LLP
600 Stewart Street, Suite 901
Seattle, Washington 98101
Tel: (206) 838-2504

JAN 1 7 2020